IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEANDRE BRADLEY, #M05197, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-01145-SMY |
| | ) | |
| ROB JEFFREYS, | ) | |
| FRANK LAWRENCE, | ) | |
| ANGELA CRAIN, and | ) | |
| RON SKIDMORE, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Deandre Bradley, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this case under 42 U.S.C. § 1983, alleging infringement of his constitutional rights, deliberate indifference to a serious medical need, violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), and violations of state law. He seeks monetary damages and declaratory relief.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff is a paraplegic and cannot walk; he must use a wheelchair. On October 6, 2017, Plaintiff was given an intake examination by Skidmore who failed to refer Plaintiff to the facility ADA Coordinator. (Doc. 1, p. 3). The wheelchair Plaintiff received was broken and unsafe. (*Id.*, p. 4). Plaintiff submitted requests to replace the wheelchair to the ADA Coordinator which were not answered. (*Id.*, pp. 5-6). On October 23, 2017, Plaintiff was injured due to the dangerous condition of the wheelchair. (*Id.*, pp. 6-8). Plaintiff's wheelchair was subsequently replaced. (*Id.*, p. 8).

Plaintiff later wrote letters and grievances to Crain, the ADA Coordinator, detailing other accommodations he needed. (*Id.*, p. 9). No responses were given and Plaintiff developed a pressure sore due to the lack of these accommodations. (*Id.*, p. 10). Accommodations were subsequently made. (*Id.*, p. 11).

Based on the allegations in the Complaint, the Court organizes Plaintiff's claims into the following Counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Crain related to his wheelchair and seat cushion issues.**
>
> **Count 2:** **ADA and RA claim against Defendants for failure to supply an adequate wheelchair and other accommodations.**
>
> **Count 3:** **State law negligence claim against Skidmore and Crain.**

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. These designations do not constitute an opinion regarding their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice**

**as inadequately pled under the *Twombly* pleading standard.[1]**

### Discussion

### Count 1

Plaintiff's Eighth Amendment deliberate indifference claim against Crain will proceed.

### Count 2

Plaintiff fails to state a claim against Crain or Skidmore under the ADA or RA, as there is no individual liability under those statutes. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015). Additionally, Lawrence is not a proper defendant, even in his official capacity as Acting Warden of Menard. Rather, the Illinois Department of Corrections (represented by Rob Jeffreys in his official capacity) is the proper party for the ADA/RA claim. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). Therefore, the claim will proceed as to Jeffreys, but is dismissed with prejudice as to Crain, Skidmore and Lawrence.

### Count 3

Plaintiff asserts state law negligence claims against Skidmore and Crain for "violation of Illinois State Law[.]" (Doc. 1, p. 13). He alleges that Skidmore was negligent for failing to refer him to the ADA Coordinator at the initial screening, in violation of several state laws, the Illinois Administrative Code and an Administrative Directive. (*Id.*, pp. 3-4, 13). He also alleges Crain was negligent for failing to screen him on entry or answer his requests for accommodation. (*Id.*, p. 13).

Federal courts hearing a federal claim may entertain state law claims by exercising supplemental jurisdiction over them. 28 U.S.C. § 1367(a). As such, Plaintiff will be permitted to

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

proceed on these claims for now.[2]

**Motion for Recruitment of Counsel**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[3] Plaintiff has not described any letters or attempts to contact attorneys for potential representation, and therefore does not provide sufficient information for the Court to make the threshold determination that he has made a reasonable effort to obtain counsel on his own. Plaintiff may refile a request for representation at a later date.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** will proceed against Defendant Crain. **COUNT 2** will proceed against Rob Jeffreys in his official capacity, but is **DISMISSED** with prejudice as to Lawrence, Crain and Skidmore. **COUNT 3** will proceed against Skidmore and Crain. Defendant Frank Lawrence is **DISMISSED with prejudice,** and the Clerk of the Court is **DIRECTED** to **TERMINATE** Defendant Frank Lawrence from the case in the CM/ECF system.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Crain, Jeffreys and Skidmore**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms,

---

[2] There may be an issue of sovereign immunity at play, but the record is not sufficient at this point to say that it precludes Plaintiff's state law claims. Where an alleged act of misconduct "arose out of the State employee's breach of a duty that is imposed on him solely by virtue of his State employment, sovereign immunity will bar maintenance of the action in any court other than the Illinois Court of Claims." *Turpin v. Koropchak*, 567 F.3d 880, 882 (7th Cir. 2009). Plaintiff's negligence allegations against Skidmore and Crain are essentially that they did not do their jobs—their State jobs. Skidmore, absent his role at the prison, had no duty to refer Plaintiff to an ADA Coordinator. Crain would have no duty to screen Plaintiff for disability accommodations or answer his requests for them if she were an average citizen. The Court would welcome more briefing on this point at a later stage of the case.

[3] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 16, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter their appearance and file Answers to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**